In January 2015, Doe pleaded guilty in District Court to one count of indecent assault and battery on a person over age fourteen, pursuant to G. L. c. 285, § 13H, stemming from his August 2013 sexual offense against a female customer while working as a gasoline station attendant in Sudbury. Specifically, after he revealed that he was wearing women's thong underwear to the victim, he reached into the victim's vehicle, put his hand under her skirt, and rubbed her vaginal area over her underwear. In April 2015, the Sex Offender Registry Board (SORB) notified Doe of its recommendation that he be classified as a level two sex offender pursuant to G. L. c. 6, § 178K (2) (b ). Doe requested a hearing to challenge the classification recommendation. In September 2016, a de novo classification hearing was held before a SORB hearing examiner. The examiner issued his written decision, classifying Doe as a level two sex offender because, after weighing the regulatory factors, he concluded that Doe posed both a moderate risk of reoffending and a moderate danger to society. Doe appealed, and a Superior Court judge affirmed his classification. On appeal to this court, Doe contends that (1) the examiner erred in not giving more weight to scientific articles concerning recidivism rates for sex offenders and correlations between certain factors and the risk to reoffend, and (2) Doe's level two classification was not supported by substantial evidence. We affirm.
Discussion. A reviewing court may modify or set aside an agency's decision only if it was "(a ) [i]n violation of constitutional provisions; or (b ) [i]n excess of the statutory authority or jurisdiction of the agency; or (c ) [b]ased upon an error of law; or (d ) [m]ade upon unlawful procedure; or (e ) [u]nsupported by substantial evidence; or (f ) [u]nwarranted by facts found by the court on the record ...; or (g ) [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14 (7). "In conducting our review, we 'give due weight to the experience, technical competence, and specialized knowledge' of the board." Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010) (Doe No. 151564 ), quoting G. L. c. 30A, § 14 (7).
1. Examiner's consideration of scientific articles. Doe first contends that the examiner erred by not giving more weight to the scientific articles he submitted concerning studies showing that sexual offenders generally have a low recidivism rate. He maintains that if the examiner had properly weighed these articles, the examiner would have concluded that Doe's classification should have been level one. For example, he cites to articles regarding the generally "low" sex offender recidivism rate, the lack of or low correlation between risk of sexual reoffense, on the one hand, and a history of prior violent offenses and stranger victims, on the other, and the effect of advanced age and risk.
Each of the articles was published before SORB established its new regulatory factors in 2016, after consideration of the most updated studies regarding sex offender recidivism. Some of the articles are cited in the updated regulations themselves. See 803 Code Mass. Regs. § 1.33 (2016). And, none present new scientific evidence not already considered by SORB in updating its regulations.[2] Cf. John Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 599 (2013) (abuse of discretion to deny motion for funds for expert witness concerning correlation between gender and recidivism for female offenders where SORB regulations were based on scientific studies focused almost exclusively on male offenders); Doe No. 151564, 456 Mass. at 621-622 (board required to consider new scientific studies on impact of offender's age when regulations at time did not consider age on risk to reoffend and level of dangerousness). Accordingly, the examiner did not err in giving the articles only some weight in the context of weighing each of the applicable statutory factors to arrive at an individualized assessment of risk and dangerousness based on Doe's unique circumstances.
2. Substantial evidence. Doe next contends that his level two classification was not supported by substantial evidence. "[S]ex offender risk classifications must be established by clear and convincing evidence in order to satisfy due process." Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015). An examiner's decision that SORB has met this burden of proof must be supported by substantial evidence, which is defined as evidence that a "reasonable mind might accept as adequate to support a conclusion." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011) (Doe No. 10800 ), quoting G. L. c. 30A, § 1 (6).
As required by the regulations, see 803 Code Mass. Regs. § 1.33 (2016), the examiner considered the applicable statutory factors. Specifically, the examiner considered several risk elevating factors, including that the victim was a stranger to Doe, that the sexual assault occurred during the daytime in a public place with no expectation of privacy, and that it occurred in Doe's current place of employment, where he has "regular and ongoing opportunities for interactions with potential victims."[3] The examiner also gave aggravating weight to the fact that Doe had been given the opportunity to reflect on the wrongfulness of his conduct and nevertheless committed the governing sexual offense, which itself marked an escalation in Doe's conduct.[4] The examiner also gave some weight to Doe's lengthy criminal history, which included violent offenses, but tempered the weight given to this factor because prior to the sex offense in question, Doe had been offense free for fifteen years.[5]
The examiner considered several risk mitigating factors, including Doe's substantial compliance with probation and that he would be supervised by probation until January 2017,[6] Doe's advanced age,[7] and Doe's stable home life and employment. Moreover, the examiner considered the actuarial and psychological testing conducted by Leo Keating, a licensed social worker, giving it "some weight" as a "general indicator of risk of reoffense." However, because Keating did not testify at the hearing, the examiner's exclusion of his ultimate risk opinion was proper. See 803 Code Mass. Regs. 1.17(5)(c) (2016). Moreover, Keating's report, which was prepared for a different purpose,[8] did not consider each of the regulatory factors. See Wyatt, petitioner, 428 Mass. 347, 360 (1998).
As set forth supra, the examiner also considered several articles submitted by Doe regarding sex offender recidivism and collateral consequences of sex offender registration, but did not give them "much weight." See Doe No. 10800, 459 Mass. at 629 ("A properly promulgated regulation 'has the force of law ... and must be accorded all the deference due to a statute' " [citation omitted] ). In these circumstances, the examiner's classification of Doe as a level two sex offender was supported by substantial evidence.
Judgment affirmed.

On appeal, Doe cites to an additional scientific article that he did not present to the examiner. Doe does not assert that the article adds any new or significant understanding of sex offender recidivism not already incorporated into SORB's updated regulations. Furthermore, this article was not submitted to the examiner, and this court is not required to consider studies outside of the administrative record. See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 114 (2014), quoting Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 630 (2011) ("judicial review is confined to the administrative record").

The examiner noted that the contact Doe has with strangers in his current employment "is similar to the contact that he had when he committed his governing offense."

In particular, prior to the governing offense, the gasoline station owner had received two complaints that Doe had asked customers whether they wanted to see that he was wearing women's underwear and once had reached into a female customer's car and tried to touch her. The owner had spoken to Doe about these complaints before he committed the governing offense.

Doe acknowledged a history of substance abuse, and the examiner gave this factor "minimal, if any aggravating weight" because Doe had been sober for the last thirty years and there was no evidence that substance abuse was a contributing factor in his offense.

The examiner tempered the mitigating weight of this fact because Doe only had four months remaining on his probation.

The examiner tempered the mitigating weight of Doe's age, however, because although Doe was fifty-one at the time of the hearing, he was forty-eight at the time of the sex offense.

The report was prepared in connection with Doe's probation.